# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TASHA SHERMAN-HARRIS-GOLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-466-F |
| | ) |
| FOREST PARK MUNICIPAL AUTHORITY, TOWN OF FOREST PARK, ex rel. FOREST PARK POLICE DEPARTMENT, TYARA NASH-RICHMOND, THOMAS GIPSON, JOSEPH MILTON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Tasha Sherman-Harris-Golson (Golson) was formerly employed by defendant Forest Park Municipal Authority, Town of Forest Park, *ex rel.* Forest Park Police Department (Forest Park) as a reserve police officer. According to plaintiff, she was hired on September 13, 2018, and wrongfully terminated on November 12, 2019. At all times relevant, defendant Tyara Nash-Richmond (Richmond) was Forest Park's Chief of Police and defendant Thomas Gipson (Gipson) was Forest Park's Associate Chief of Police. The exact position of defendant Joseph Milton (Milton) with Forest Park is unknown.

In her amended complaint, Golson alleges she was discriminated against and harassed based on her gender by her supervisors and co-workers, was subjected to sexual harassment, and was retaliated against because she reported incidents of discrimination and harassment to her supervisors and co-workers. Golson avers that

her action against defendants arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Title VII), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  All defendants have moved to dismiss the claims plaintiff has asserted against them.  Doc. nos. 12, 16 and 21.  The motions are filed pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Plaintiff has responded, opposing dismissal.  Doc. nos. 24, 25 and 26.  Defendants have replied.  Doc. nos. 27, 30 and 31.  Upon review of the parties' submissions, the court makes its determination.

Standard of Review

In adjudicating a Rule 12(b)(6) motion, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to [the plaintiff]."  S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

"The nature and specificity of the allegations required to state a plausible claim will vary based on context."  Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require a plaintiff establish a prima facie case in her complaint, the elements of each claim may help to determine whether the plaintiff has set forth a plausible claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

Analysis

*Section 1981 Claim – All Defendants*[1]

All defendants argue that Golson's amended complaint fails to state a plausible claim of discrimination, hostile work environment or retaliation under § 1981. Defendants acknowledge Golson is African-American, but they point out her pleading never mentions her race, and they assert that her pleading makes no allegations to establish they discriminated or harassed Golson based upon her race. Defendants also assert that the amended pleading does not allege that she complained of any racial discrimination during her employment. Golson appears to concede the individual defendants' challenge to her § 1981 claims, *see*, doc. nos. 24 and 26, ECF p. 4, and she does not address the challenge in response to Forest Park's motion. The court agrees that Golson's amended complaint fails to state any plausible claim under § 1981. For the reasons stated in defendants' motions, and because discrimination and harassment based upon gender are not actionable under § 1981, *see*, Shapolia v. Los Alamos Nat. Laboratory, 992 F.2d 1033, 1036 n. 3 (10th Cir. 1993), the court finds that the § 1981 claims are subject to dismissal under Rule 12(b)(6). The § 1981 claims against all defendants will be dismissed without prejudice.

*Unidentified State Law Claims – Individual Defendants*

In the amended complaint, Golson states: "Plaintiff makes no state law claims against any Defendant in which the statute of limitations is one year from the date of action[], but includes those claims to provide a background of the harassment and

---

[1] The amended complaint does not specify whether the claims against the individual defendants are individual or official capacity claims. When a pleading fails to specify the capacity in which a governmental official is sued, the court looks to the substance of the pleadings and the course of the proceedings to determine whether the suit is for individual or official liability. Pride v. Does, 997 F.2d 712, 715 (10th Cir. 1993). Doing so, the court construes all claims against the individual defendants as individual capacity claims.

3

intimidation suffered by Plaintiff by the Defendants." Doc. no. 4, ¶ 1. No other reference to a state law claim is mentioned in the amended pleading. However, in response to Gipson and Richmond's motion, Golson asserts that defendants committed "INDIVIDUAL TORTS," *see*, doc. no. 24, ECF p. 4, and in response to Gipson and Richmond's motion as well as Milton's motion, she contends "the allegations nonetheless outline actions by [defendants that] give rise to state law actions[.]" *See*, doc. nos. 24 and 26, ECF p. 4.

To the extent Golson is asserting a state law claim against the individual defendants, the court finds the claim should be dismissed. Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). Golson's amended complaint fails to give any individual defendant fair notice of a state law claim and the grounds upon which it rests. The court thus concludes that any state law claim purportedly alleged in the amended complaint against the individual defendants is subject to dismissal under Rule 12(b)(6). Any state law claim will be dismissed without prejudice.

*Failure to Pay Wages Claim – All Defendants*

Golson claims that during her employment, she was not paid wages for 80 hours spent in training and for certain periods of time she worked. Doc. no. 4, ¶¶ 20, 28, 36, 39, 40. She also alleges she was not compensated for her costs of training. *Id*., ¶ 19. In her responses to the individual defendants' motions, Golson makes vague references of defendants' failure to pay wages. However, she does not specify in the amended complaint or in briefing under what law, federal or state, she is seeking to recover the wages or training costs. To the extent Golson is seeking to recover against any defendant for unpaid wages or training costs, the court concludes the claim is subject to dismissal under Rule 12(b)(6). Golson's amended complaint

4

fails to give any defendant fair notice of such claim. Thus, any claim for failure to pay wages or to compensate for training costs will be dismissed without prejudice.

*Title VII Claims – Individual Defendants*

The individual defendants argue Golson's Title VII claims against them fail as a matter of law because Title VII does not impose liability against individual supervisors. In response, Golson appears to concede defendants' argument. *See*, doc. nos. 24 and 26, ECF p. 4. Defendants' argument is supported by well-established Tenth Circuit precedent. In Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996), the appellate court ruled that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Id*. at 901 (citing Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993)). According to the appellate court, Title VII liability is borne only by employers, not individual supervisors. *Id*. Therefore, the court finds Golson's Title VII claims against Gipson, Milton and Richmond are subject to dismissal under Rule 12(b)(6). As it clear that any amendment would be futile, the Title VII claims against the individual defendants will be dismissed with prejudice.

*Title VII Claims – Forest Park*

    i.    *Gender Discrimination – Disparate Treatment*

Title VII prohibits an employer from discriminating against an employee "with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex[.]" 42 U.S.C. § 2000e-2(a)(1). "A plaintiff can prove [] sex discrimination with direct or circumstantial evidence." Adamson v. Multi Community Diversified Services, Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). "Direct evidence demonstrates on its face that the employment termination was discriminatory." *Id*. (citation omitted). "Circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination that discrimination, in fact, has occurred." *Id*. (citation omitted). In the court's view,

5

Golson's factual allegations do not disclose direct evidence of gender discrimination. Thus, the court concludes that Golson must rely on circumstantial evidence for her Title VII disparate treatment claim.

"When evidence of discrimination is circumstantial, rather than direct, a plaintiff's claim is subject to the *McDonnell Douglas* burden-shifting framework." Tabor v. Hilti, Inc., 703 F.3d 1206, 1216 (10th Cir. 2013) (citation omitted). "Under *McDonnell Douglas*, a plaintiff carries the initial burden of establishing a prima facie case of discrimination." *Id.* (citation omitted). A prima facie case of gender discrimination generally requires a plaintiff to show "she is a member of a protected class, she suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination." Bennett v. Windstream Communications, Inc., 792 F.3d 1261, 1266 (10th Cir. 2015) (footnote omitted).[2]

Upon review, the court concludes that Golson has established a prima facie case of gender discrimination. According to her allegations, Golson is female and was terminated from her employment.[3] In addition, the factual allegations and

---

[2] In its motion, Forest Park posits that to state a prima facie case of gender discrimination, plaintiff must establish "she was treated less favorably than other employees not in the protected class." Doc. no. 16, ECF pp. 10-11. The Tenth Circuit has framed the relevant element more broadly, as requiring a showing of circumstances giving rise to an inference of discrimination. While the broader requirement may be satisfied by proof that the employer treated similarly situated employees who are not part of the plaintiff's protected class more favorably, such proof is just one means to do it and is not an indispensable element of the prima facie case. *See*, Sorbo v. United Parcel Serv., 432 F.3d 1169, 1173 (10th Cir. 2005). Other means include, but are not limited to, actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus and decisionmakers discharging a qualified employee and the position remaining open after discharge. *See*, Plotke v. White, 405 F.3d 1092, 1101 (10th Cir. 2005); Hysten v. Burlington Northern and Santa Fe Ry. Co., 296 F.3d 1177, 1181 (10th Cir. 2002).

[3] The Tenth Circuit has stated that "[a]n adverse employment action 'is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Throupe v.

reasonable inferences drawn in Golson's favor show that her termination occurred under circumstances giving rise to an inference of gender discrimination. Specifically, they show (i) actions and remarks by Richmond which could be viewed as reflecting a discriminatory animus against Golson; (ii) having that discriminatory animus, Richmond told the town board to "get rid" of Golson; and (3) Golson was terminated. As Golson's burden of establishing a prima facie case is not onerous, *see*, Tabor, 703 F.3d at 1216, the court concludes that Golson has stated a plausible claim of gender discrimination under Title VII and dismissal under Rule 12(b)(6) is not appropriate. *See*, St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-07 (1993) ("[E]stablishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee.") (quotation omitted).

  ii.   *Hostile Work Environment – Sexual Harassment*

An employee can also make out a Title VII claim of sex discrimination based on a hostile work environment. *See*, Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). However, to do so, "'a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment.'" Pinkerton v. Colorado Dept. of Transp., 563 F.3d 1052, 1058 (10th Cir. 2009) (quoting Medina v. Income Support Div., 413 F.3d 1131, 1134 (10th Cir. 2005)).

Forest Park argues that Golson's factual allegations fail to articulate a plausible sexual harassment claim. In response, Golson specifically points to her allegations about Milton sexually assaulting her and her allegations about Barbra Miller, a town board member, sexually harassing her. She also maintains that

---

University of Denver, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting Hiatt v. Colo. Seminary, 858 F.3d 1307, 1315 (10th Cir. 2017)). It appears Golson is relying upon her termination as an adverse employment action.

7

Richmond created a hostile work environment by directing "Defendants" to harass, intimidate and "get rid" of Golson because "she did not need a better qualified female taking her position." Doc. no. 4, ¶ 90.

Viewing the factual allegations and reasonable inferences in her favor, the court concludes that Golson has stated a plausible Title VII hostile work environment claim. Golson alleges that she was sexually assaulted by Milton on two occasions—January 19, 2019 and later in 2019—in the "back area/break room of the reserve police area where no camera was present." Doc. no. 4, ¶ 58. She also alleges he "inappropriately used his authority over" her. *Id*., ¶ 59. Although Golson does not describe the nature of the sexual assaults, she claims she suffered physical injury from them. *Id*., ¶¶ 60, 69. Golson avers that she did not initially report the assaults because Milton threatened her. *Id*., ¶ 61. However, she did ultimately report the assaults. In addition to reporting them to the EEOC, Golson reported them to the Oklahoma County Sheriff's Office and the Oklahoma State Bureau of Investigation. She also reported that she had filed sexual assault charges against Milton with Gipson and Jeans, another Forest Park employee. *Id*. at ¶¶ 66, 67. Reasonable inferences drawn from Golson's allegations indicate "conduct that clearly could be objectively viewed as threatening and severe." Morris v. City of Colorado Springs, 666 F.3d 654, 667 (10th Cir. 2012). Further, Golson alleges that the sexual assaults by Milton affected her mentally. Doc. no. 4, ¶ 69.

In her amended complaint, Golson also claims that after she informed Gipson and Jeans of the sexual assault charges she filed, no action was taken by the police department toward Milton. Doc. no. 4, ¶¶ 66, 67. And she alleges that after the assaults, Milton asked that she be removed from her employment, and in performing his duties of police scheduling, he "altered her time and was responsible for some of her lost wages." *Id*., ¶¶ 64, 75. Golson further alleges that both she and Milton were placed on administrative leave with pay but he was allowed to continue to "'work'

off the record." Id., ¶ 80. Drawing all reasonable inferences from all allegations in Golson's favor, the court concludes the amended complaint describes circumstances that "altered the terms or conditions of [Golson's] employment and created an abusive working environment." Pinkerton, 563 F.3d at 1058. Therefore, the court concludes that dismissal of the Title VII hostile work environment claim under Rule 12(b)(6) is not appropriate.[4]

### iii. Retaliation

Title VII also prohibits an employer from retaliating against an employee because the employee "has opposed any practice made an unlawful employment practice [under Title VII]." 42 U.S.C. § 2000e-3(a). It appears that Golson relies upon circumstantial evidence to establish her retaliation claim. To state a prima facie case of retaliation, a plaintiff must establish three elements: (1) she engaged in protected opposition to discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. O'Neal v. Ferguson Const. Co., 237 F.3d 1248, 1252 (10th Cir. 2001). Golson's complaints of sexual harassment to the EEOC and her superiors qualifies as protected opposition to discrimination. Hertz v. Luzenac America, Inc., 370 F.3d 1014, 1015 (10th Cir. 2004) ("Protected opposition can range from filing formal charges to voicing informal complaints to superiors."). In addition, Golson's termination qualifies as an adverse employment action for purposes of her retaliation claim. O'Neal, 237 F.3d at 1255.

---

[4] In light of the court's finding, it need not specifically address whether the allegations relating to Ms. Miller or defendant Richmond support a Title VII hostile work environment claim. The court notes, however, that the amended complaint only alleges that Ms. Miller "sexually harassed" Golson on or about August 8, 2019. Doc. no. 4, ¶ 86. And in briefing Golson does not make it entirely clear whether Richmond's alleged conduct is relied upon for the Title VII hostile work environment claim.

The third element, causal connection, "may be shown by 'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" O'Neal, 237 F.3d at 1253 (quoting Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir. 1982)). The Tenth Circuit has determined that a one and one-half month period between a protected activity and retaliatory conduct may by itself establish a causal connection, while a three-month period standing alone is not sufficient. O'Neal, 237 F.3d at 1253. If the temporal proximity is not sufficiently close, the plaintiff must offer additional evidence of causation. *Id.* Golson's amended complaint does not indicate when she filed her complaint with the EEOC or when she complained to her superiors about the sexual harassment. The court therefore cannot determine whether the protected conduct was closely followed by adverse action. However, while the elements of a prima facie case are instructive, "[i]n Swierkiewicz v. Sorema N.A., 534 U.S. 506 [] (2002), the Supreme Court explained that McDonnell Douglas's prima facie case is 'an evidentiary standard, not a pleading requirement' . . . [and] simply [do]es not 'apply to the pleading standard that plaintiff[] must satisfy in order to survive a motion to dismiss.'" Morman v. Campbell County Memorial Hosp., 632 Fed. Appx. 927, 933 (10th Cir. 2015) (quoting Swierkiewicz, 534 U.S. at 510, 511). Thus, in pleading a retaliation claim, a plaintiff need not set forth a prima facie case of retaliation. Nonetheless, she must allege facts that make such a claim at least plausible. Morman, 632 Fed. Appx. at 933. Golson has specifically alleged that she was terminated "for having filed her complaint of harassment." Doc. no. 4, ¶ 80. Drawing reasonable inferences in her favor, the court concludes that Golson has alleged a plausible retaliation claim under Title VII. Thus, the Title VII retaliation claim is not subject to dismissal under Rule 12(b)(6).

In sum, the court concludes that Golson has stated plausible Title VII claims of gender discrimination, hostile work environment and retaliation against Forest Park.

*Section 1983 Claims Against Forest Park*

Golson avers in her amended complaint that her action against Forest Park also arises under § 1983.  Forest Park maintains that Golson's amended complaint does not specify what substantive rights she intends to vindicate under § 1983.  It "guess[es] she is attempting to assert an equal protection claim." Doc. no. 16, ECF p. 21.  And based upon her allegation that she "was not given her due process rights in the proceedings leading to her termination," doc. no. 4, ¶ 88, it surmises she is also alleging procedural and substantive due process claims.  Forest Park argues that each of those claims, if alleged, fails as a matter of law.  In response, Golson confirms that she alleges equal protection, procedural due process and substantive due process claims against Forest Park and argues that her factual allegations establish plausible claims.

  i.   Equal Protection

The amended complaint alleges Golson is seeking damages under § 1983 "to address the deprivation of her rights from retaliatory practices based upon her exercise of her statutorily protected rights."  Doc. no. 4, ECF p. 3.  However, "a theory of liability for retaliatory conduct [does not] come within § 1983." *See*, Long v. Laramie County Community College District, 840 F.2d 743, 752 (10th Cir. 1988), *cert. denied*, 488 U.S. 825 (1988); *see also*, Tafoya v. Adams, 816 F.2d 555, 558 (10th Cir. 1987) ("The right to be free of retaliatory discharge provided for by Title

11

VII does not entitle one to relief under 1983[.]").[5]  The court therefore concludes that Golson's equal protection claim for retaliatory conduct is subject to dismissal under Rule 12(b)(6).  The § 1983 claim will be dismissed without prejudice.

In her briefing, Golson suggests that she alleges a viable equal protection claim premised upon gender discrimination.  The court disagrees.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  An equal protection claim may be asserted with respect to classes or groups of persons or to a "class of one," in which a plaintiff alleges that she has been treated differently from other similarly situated persons but does not allege that differential treatment was due to her membership in a particular class or group.  A.M. ex rel. F.M. v. Holmes, 830 F.3d 1123, 1166 (10th Cir. 2016).  However, the Supreme Court has ruled that a "class of one" equal protection claim is not legally cognizable in the public employment context.  Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 609 (2008).  Because Golson's equal protection claim premised upon gender discrimination is related to her public employment, she must sufficiently allege a traditional class-based equal protection claim to state a claim for relief.  Thus, Golson "must allege facts to show that an otherwise similarly situated person was treated differently than [she] was."  Brown v. Montoya, 662 F.3d 1152, 1173 (10th Cir. 2011).  But Golson fails to allege any facts to show that she was treated differently from an otherwise similarly situated person.  She does not "allege facts about any particular person or persons who were treated differently from [her]." *Id*.  The court finds, consequently, that Golson has failed to allege a plausible equal

---

[5] The court notes that the Tenth Circuit does permit § 1983 retaliation claims based upon the denial of First Amendment rights.  *See*, Bird v. West Valley City, 832 F.3d 1188, 1211-12 (10th Cir. 2016).  However, Golson's amended complaint does not set forth factual allegations supporting a denial of her First Amendment rights.

protection claim based upon gender discrimination against Forest Park. The § 1983 claim will be dismissed without prejudice.

Golson also suggests she has alleged a viable equal protection claim based upon sexual harassment against Forest Park. Under well-established Tenth Circuit authority, sexual harassment by a municipal actor may constitute an equal protection violation. Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989). "A local government, however, cannot be held liable under § 1983 '*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.'" Bird v. West Valley City, 832 F.3d 1188, 1207 (10th Cir. 2016) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). "Instead, a local government is liable only when 'the unconstitutional actions of an employee *were representative of an official policy or custom* of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action.'" Bird, 832 F.3d at 1207-08 (quoting Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000)) (emphasis in original). Golson's factual allegations do not establish that the alleged sexual harassment by Milton was representative of anything that amounted to an official policy or custom of Forest Park or that Milton was an official with final policymaking authority for Forest Park.[6] The court concludes that dismissal of the equal protection claim based upon sexual harassment against Forest Park is appropriate. The § 1983 claim will be dismissed without prejudice.

ii.     *Due Process – Procedural and Substantive*

A procedural due process claim is examined on the basis of a two-fold inquiry: (1) whether a liberty or property interest exists that has been interfered with by the

---

[6] The factual allegations and reasonable inferences in Golson's favor indicate Milton was a supervisor of Golson but do not indicate that he was a final policymaker for Forest Park.

13

state; and (2) whether the state provided constitutionally sufficient procedures. *See*, Lauck v. Campbell County, 627 F.3d 805, 811 (10th Cir. 2010).

"A government employee may have a property interest in [her] position, but only if [she] has a legitimate claim of entitlement to that position." Lauck, 627 F.3d at 812 (internal quotations omitted). "This usually requires tenure, an employment contract for a definite term, a clearly implied promise of continued employment, or a statute, regulation, or state-law-endorsed collective bargaining agreement that requires cause (or similar concepts) for termination." Earles v. Cleveland, 825 Fed. Appx. 544, 550 (10th Cir. 2020) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 576-77 (1972)); *see also*, Hulen v. Yates, 322 F.3d 1229, 1240 (10th Cir. 2003) ("[C]onstitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials."). In the amended complaint, Golson fails to allege any facts to plausibly establish that she had a "legitimate claim of entitlement" to her position as reserve police officer. The court thus concludes that Golson has failed to plausibly plead the existence of a property interest. Consequently, the court finds that Golson has failed to plausibly plead the deprivation of a property interest in her employment.

"A public employee has a liberty interest in [her] good name and reputation as they relate to [her] continued employment." McDonald v. Wise, 769 F.3d 1202, 1212 (10th Cir. 2014). To state a claim for deprivation of one's liberty interest in good name and reputation, the plaintiff must plausibly allege: (1) the government "makes a statement that impugn[s] the good name, reputation, honor, or integrity of the employee;" (2) "the statement is false;" (3) "the statement is made during the course of termination *and* forecloses other employment opportunities;" and (4) "the statement is published, in other words disclosed publically." *Id*. (internal quotations omitted) (emphasis in original). Golson's amended complaint does not allege facts

sufficient to show that her termination "resulted in the publication of information which was false *and* stigmatizing." Graham v. City of Okla. City, 859 F.2d 142, 145 n. 2 (10th Cir. 1988) (emphasis in original). Hence, Golson has failed to "raise a liberty interest worthy of procedural due process protection." Earles, 825 Fed. Appx. at 552.

Under certain circumstances, a public employee's termination can be "so arbitrary or capricious as to violate the concept of 'substantive' due process embodied in the Fourteenth Amendment." Brenna v. S. Colo. State Coll., 589 F.2d 475, 476 (10th Cir. 1978). However, to state a plausible substantive due process claim, "a liberty or property interest must be present to which the protection of due process can attach." *Id*. at 476. As discussed, Golson has failed to plausibly plead the deprivation of a property interest in her employment or the deprivation of a liberty interest in her good name and reputation. The court therefore concludes that Golson's substantive due process claim also fails. *See*, Earles, 825 Fed. Appx. at 552.

In sum, the court concludes that Golson has failed to plead plausible procedural due process and substantive due process claims against Forest Park, and the procedural due process and substantive due process claims are subject to dismissal under Rule 12(b)(6). The § 1983 claims will be dismissed without prejudice.

*Section 1983 Claim Against Individual Defendants*

According to Golson, she also alleges § 1983 claims against the individual defendants for deprivations of her equal protection rights and procedural and substantive due process rights. It appears she alleges an equal protection claim based upon sexual harassment against Milton and an equal protection claim based upon gender discrimination against Gipson and Richmond. It appears she alleges

15

procedural due process and substantive due process claims against all individual defendants.

    *i.    Equal Protection - Milton*

To overcome a defense of qualified immunity, which has been raised by Milton in his motion, Golson must show: (1) the defendant's conduct violated the law; and (2) the law was clearly established when the violation occurred. Eisenhour v. Weber County, 744 F.3d 1220, 1234 (10th Cir. 2014).

In Starrett v. Wadley, the Tenth Circuit recognized that sexual harassment could constitute an equal protection violation. Starrett, 876 F.2d at 814. The Starrett plaintiff claimed that her supervisor had made sexual advances to her. Those advances include propositioning her, requesting her to meet him at his house or other secluded locations, making obscene gestures toward her, placing his arm on her leg, and pinching her buttocks. *Id*. at 812, 814-15. Based upon those facts, the appellate court found that a reasonable jury could conclude that the supervisor's conduct discriminated against plaintiff because of her sex, thereby depriving her of equal protection of the laws. *Id*. at 814.

The Tenth Circuit, in Eisenhour v. Weber, 744 F.3d 1220 (10th Cir. 2014), also found an equal protection violation where the plaintiff's supervisor wrote an inappropriate poem about her, told her that he had a dream about her in which she was naked, and rubbed his groin against her. *Id*. at 1234. The appellate court concluded that the facts would allow a reasonable jury to infer that she had been discriminated against because of her sex. *Id*.

In her amended complaint, Golson alleges she was sexually assaulted by Milton on two occasions, both resulting in physical injury. Although she cannot rely on the January 2019 assault as a basis of her § 1983 claim, since it falls outside the

16

applicable two-year limitations period,[7] the court concludes that she may rely on the second assault as it is not clear from her pleading that it falls outside the limitations period. Viewing the alleged facts and reasonable inferences in Golson's favor, the court concludes that a reasonable jury could infer that she was discriminated against because of her sex, thereby depriving her of the right to equal protection of the laws.

In his briefing, Milton suggests Golson's equal protection claim based upon sexual harassment fails because she does not allege that she was treated differently from a similarly situated individual. However, in Eisenhour, the Tenth Circuit rejected that argument. Eisenhour, 744 F.3d at 1235 ("In cases involving an equal-protection violation based upon sexual harassment, we have not required the plaintiff to show she was treated differently from a similarly situated individual. . .It is enough that the plaintiff presents sufficient evidence that the defendant discriminated against her because of her sex, thereby depriving her of the right to equal protection of the laws.") *Id*. (citing Starrett, 876 F.2d at 814-15).

In addition to establishing that Milton's alleged conduct violated the law, Golson must also demonstrate that the law was clearly established when the violation occurred. The court concludes quite easily that Golson can satisfy that showing. Prior to the alleged sexual assault, the Tenth Circuit stated that "[t]he right to be free from sexual harassment is clearly established under the Equal Protection Clause[.]" Kramer v. Wasatch County Sheriff's Office, 743 F.3d 726, 758 (10th Cir. 2014) (citing Starrett, 876 F.2d at 814).

Because Golson has satisfied her two-part showing, the court concludes that she has overcome Milton's qualified immunity defense. Therefore, the court

---

[7] *See*, Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005) (applying Oklahoma's two-year statute of limitations to a § 1983 claim). Golson's original complaint was filed on May 7, 2021.

concludes that dismissal of the § 1983 equal protection claim based upon sexual harassment against Milton is not appropriate under Rule 12(b)(6).

> ii.     *Equal Protection – Gipson and Richmond*

As to the equal protection claims against Gipson and Richmond, the court concludes that the claims should be dismissed without prejudice. Like Milton, Gipson and Richmond have raised the defense of qualified immunity. Golson posits that she has sufficiently alleged facts to establish that defendants violated her equal protection rights. In her briefing, Golson recognizes that to assert a viable equal protection claim against Gipson and Richmond, she must make a threshold showing that she was treated differently from another individual similarly situated to her. Doc. no. 24, ECF p. 5 (citing Brown, 662 F.3d at 1172-73). But, in her amended complaint, Golson fails to allege any facts to show that Gipson and Richmond treated her differently from an otherwise similarly situated person. In particular, she does not "allege facts about any particular person or persons who were treated differently from [her]." Brown, 662 F.3d at 1173. Golson, in her briefing, discusses allegations about remarks made by Gipson and actions taken or not taken by him, as well as allegations about remarks made and actions taken by Richmond to support her claims, but the court concludes that none of those allegations alone or in combination sufficiently show that Gipson and Richmond treated Golson differently from another similarly situated person. The court thus finds that Golson has failed to plausibly allege that Gipson and Richmond deprived her of her equal protection rights. Consequently, the court concludes that dismissal of the § 1983 claim is appropriate, and the claim will be dismissed without prejudice based upon qualified immunity. *See*, Ellis v. Oliver, 714 Fed Appx. 847, 851 (10th Cir. 2017) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

    *iii.    Due Process – Individual Defendants*

Turning to the procedural and substantive due process claims against Gipson, Milton and Richmond, the court concludes that the claims should be dismissed without prejudice. For same reasons previously discussed with respect to the due process claims against Forest Park, the court concludes that Golson has failed to plausibly allege the deprivation of a property interest in her employment or the deprivation of a liberty interest in her good name and reputation. The court therefore concludes that the procedural and substantive due process claims against the individual defendants likewise fail. Because Golson has failed to plausibly allege that the individual defendants violated her due process rights, the court concludes that dismissal of the § 1983 claims is appropriate, and the claims will be dismissed without prejudice based upon qualified immunity. *See*, Ellis, 714 Fed. Appx. at 851.

Leave to Amend

Golson has not filed a motion seeking leave to amend her complaint, if the court finds any claim against any defendant deficient. Nor has she specifically requested in her briefing leave to amend to cure any deficient claim. The court declines to grant Golson leave to file a second amended complaint to cure the deficiencies of the amended complaint. At the scheduling conference for this case, the court will set a deadline for filing motions to amend pleadings, if requested by the parties. Within that time, Golson may file a motion to amend her amended pleading in accordance with Rule 15, Fed. R. Civ. P. and LCvR 15.1.

Conclusion

Accordingly, the Motion to Dismiss by Defendants Gipson and Richmond (doc. no. 12) is **GRANTED**. The Title VII claims against defendants Thomas Gipson and Tyara Nash-Richmond are **DISMISSED WITH PREJUDICE**. All remaining claims against defendants Thomas Gipson and Tyara Nash-Richmond are **DISMISSED WITHOUT PREJUDICE**.

The Motion to Dismiss of Defendant Forest Park (doc. no. 16) is **GRANTED in part** and **DENIED in part**.  All claims alleged against defendant Forest Park Municipal Authority, Town of Forest Park, *ex rel.* Forest Park Police Department, except for the Title VII claims for gender discrimination, hostile work environment and retaliation, are **DISMISSED WITHOUT PREJUDICE**.  The Title VII claims for gender discrimination, hostile work environment and retaliation remain pending.

The Motion to Dismiss of Defendant, Joseph Milton (doc. no. 21) is **GRANTED in part** and **DENIED in part**.  The Title VII claims against defendant Joseph Milton are **DISMISSED WITH PREJUDICE**.  The § 1981 claims, any alleged state law claim, any alleged failure to pay wages claim, and the § 1983 procedural due process and substantive due process claims are **DISMISSED WITHOUT PREJUDICE**.  The § 1983 equal protection claim based upon sexual harassment remains pending.

IT IS SO ORDERED this 1st day of November, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0466p006 rev .docx